**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 11-00359 VAP (DTBx)                           Date:  May 10, 2011

Title:   JANUARIO MACIEL, SILVIA MACIEL -v- MARK HIGAREDA; DEBRA HIGAREDA AND, ALL OTHERS IN POSSESSION
================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

   Marva Dillard                                          None Present
   Courtroom Deputy                            Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                              DEFENDANTS:

   None                                                  None

PROCEEDINGS:     MINUTE ORDER (1) REMANDING ACTION TO CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE; AND (2) DENYING PLAINTIFFS' MOTION TO REMAND AS MOOT (IN CHAMBERS)

     On December 16, 2010, Plaintiffs Januario and Silvia Maciel ("Plaintiffs") filed a complaint for unlawful detainer ("Complaint") against Defendants Mark and Debra Higareda ("Defendants") in the Superior Court of California, County of Riverside. (Doc. No. 1 (Not. of Removal), Ex. A (Complaint).)  On March 2, 2011, Defendants, proceeding <u>pro se</u>, removed the action to this Court on the basis of diversity jurisdiction. (<u>See</u> Not. of Removal at 2.)  On April 22, 2011, Plaintiff filed a motion to remand ("Motion") and a declaration from Plaintiffs' counsel Justin P. Rodriguez

MINUTES FORM 11                                Initials of Deputy Clerk ___md____
CIVIL -- GEN                     Page 1

("Rodriguez Decl."). (Doc. No. 5.) Finding it lacks subject matter jurisdiction, the Court remands this action sua sponte.

Removal jurisdiction is governed by statute. See 28 U.S.C. §§ 1441, et seq. The Ninth Circuit applies a strong presumption against removal jurisdiction, Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988), and "the defendant always has the burden of establishing that removal is proper," Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)). See also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

Under 28 U.S.C. § 1332, the Court has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Defendants removed this action arguing it comes under the Court's diversity jurisdiction because the property in question is owned by a limited liability corporation based in Arizona, and because Defendants are residents of California. (See Not. of Removal at 2.) Defendants also assert the amount of damages "would exceed $75,000.00 exclusive of interest and costs." (Id.)

Defendants' assertions are contradicted on the face of the Plaintiffs' state court Complaint. First, Plaintiffs claim to bring this action on their own behalf, and list their address in Garden Grove, California, so there is no diversity of citizenship between Plaintiffs and Defendants. (See Compl. at 1.) Second, Plaintiffs filed this action as a "limited civil case" with damages of no more than $10,000. (See generally Compl.) As such, this case does not meet either the diversity of citizenship requirement or the statutory amount-in-controversy requirement for diversity jurisdiction, and this Court lacks jurisdiction over the action. See 28 U.S.C. § 1332.

Under 28 U.S.C. § 1331, the Court also has original jurisdiction over civil actions "arising under" federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Although Defendants do not argue this Court has federal question jurisdiction, from the face of the Complaint, Plaintiffs' only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Thus, no federal question is presented on the face of the Complaint.  Defendants accordingly have not demonstrated the Court may exercise jurisdiction on the basis of a federal question, 28 U.S.C. § 1331.

Moreover, Defendants' attempt to remove this case is untimely.  Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days after the defendant receives "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or after the defendant receives "an amended pleading, motion, order or other paper" indicating that an action not initially removable has become removable.  Here, the state court complaint was filed on December 16, 2010.  Defendants' notice of removal makes no mention of a new filing indicating that this case had become removable within 30 days of January 31, 2011.  Thus, the 30-day window closed on January 15, 2011, and Defendants' removal on March 2, 2011, was untimely.

For these reasons, the Court lacks subject matter jurisdiction.  As Defendants have not met their burden of establishing that the case is properly in federal court, the Court REMANDS the action to the Superior Court for the County of Riverside and DENIES Plaintiff's Motion as moot.

**IT IS SO ORDERED.**